

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM M. LUCE, *on behalf of himself and all similarly situated natural persons*, § § <br> Plaintiff, § <br> § <br> vs. § <br> § Civil Action No. 3:22-03898-MGL <br> § <br> LEXINGTON COUNTY HEALTH SERVICES § <br> DISTRICT, INC.; BRIAN D. SMITH, *in both* § <br> *his official and individual capacity*; and LYNN § <br> COGGINS, *in both her official and individual* § <br> *capacity*, § <br> Defendants. § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING WITHOUT PREJUDICE MOTION TO DISMISS FOR LACK OF
SUBJECT-MATTER JURISDICTION, FOR FAILURE TO JOIN NECESSARY AND
INDISPENSIBLE PARTIES, AND FOR FAILURE TO STATE A CLAIM**

**I.     INTRODUCTION**

Plaintiff William M. Luce (Luce) filed this action against Defendants Lexington County Health Services District, Inc. (LCHSD), Brian D. Smith (Smith), and Lynn Coggins (Coggins) (collectively, Defendants). He asserts the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Luce brings four causes of action on behalf of himself and a putative class, including claims for declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, for injunctive relief, a claim under 42 U.S.C. § 1983, and for relief under the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10, *et seq*.

Pending before the Court are Defendants' motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), for failure to join necessary and indispensable parties pursuant to Federal Rule of Civil Procedure 12(b)(7), and for failure to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6).

Having carefully considered the motions, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' motions will be dismissed without prejudice.

II.     **FACTUAL AND PROCEDURAL HISTORY**

This case arises out of Luce's allegations that Defendants have an unlawful policy of withholding and diverting certain wages to the South Carolina Public Employee Benefits Authority (PEBA) for use by the South Carolina Retirement System (SCRS).

The SCRS is a pension plan that promises a fixed benefit at retirement based on an employee's contributions from "earnable compensation[.]" S.C. Code Ann. § 9-1-10(8) (defining "earnable compensation"); *see generally id.* § 9-1-10, *et seq.* (the Retirement Act). PEBA, into which the SCRS was incorporated in 2012, administers the fund.

Luce, an LCHSD employee, alleges he has regularly agreed to work weekends, holidays, night shifts, twenty-four-hour shifts, call, and other "undesirable" work because LCHSD offered him incentive pay to do so. Complaint ¶ 22. He claims LCHSD has withheld portions of that incentive pay—which he contends failed to constitute earnable compensation—to divert to PEBA for use by the SCRS.

Luce claims he has attempted to address the issue with PEBA—specifically a customer service representative. He says the customer service representative stated it is merely following

the reporting from LCHSD.  And, according to Luce, when Defendants reached out to PEBA following Luce's complaint, an employee, George Hazin (Hazin), reminded Defendants that LCHSD should refrain from diverting any amounts from an employee's voluntary overtime.

Luce alleges that Coggins, LCHSD's accounting manager, took the position that "all overtime is considered mandatory at [LCHSD] so that is how we report it[.]"  Complaint ¶ 32.  Luce contends that, when his concerns reached Smith, LCHSD's vice president of human resources, Smith told him that it would be problematic to resolve the issue because many LCHSD employees are affected by it.

After Luce filed this suit, Defendants moved to dismiss.  Luce responded and Defendants replied.  The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants argue the Court should dismiss the 1983 claims against LCHSD and Smith and Coggins in their official capacities because they are entitled to Eleventh Amendment immunity.  Luce maintains those entities are "persons" within the meaning of Section 1983 and thus amenable to suit.

The Court determines an assertion of Eleventh Amendment fails to automatically divest the Court of jurisdiction.  In other words, unlike a traditional subject-matter jurisdiction motion, the Court need not address Eleventh Amendment immunity as a threshold issue.  *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 481 (4th Cir. 2005) ("[T]he Eleventh Amendment 'does not automatically destroy original jurisdiction.'" (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998))).

Thus, the Court need not decide Defendants' claim of Eleventh Amendment immunity in this order. To be sure, it is "important to resolve Eleventh Amendment immunity questions as soon as possible after the State asserts its immunity." *Id.* at 482. Based on the briefing, however, the Court determines it would benefit from more fully developed facts before adjudicating the issue.

It therefore holds that this motion is premature. The Court will thus dismiss without prejudice Defendants motion for lack of subject-matter jurisdiction. Defendants may raise the issue again at the appropriate time, fully setting forth the nature of their claim to immunity.

IV. **MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSIBLE PARTIES**

   A.  *Standard of Review*

A party may move to dismiss a complaint based on its "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Such a motion requires a two-step inquiry, for which the movant bears the burden. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

First, the Court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (quoting *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 917–18 (4th Cir. 1999)). Rule 19(a) explains a party is necessary when:

> (A) in that person's absence, the [C]ourt cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If the absent party is necessary, the Court will order it into the action, if feasible. *Id*. at (a)(2).

If joinder is infeasible, however, the Court must turn to the second step of the inquiry to determine "whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois, Inc.*, 186 F.3d at 440.

Under Rule 19(b), "the [C]ourt must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering

>   (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
>   (2) the extent to which any prejudice could be lessened or avoided by:
>
>     (A) protective provisions in the judgment;
>
>     (B) shaping the relief; or
>
>     (C) other measures;
>
>   (3) whether a judgment rendered in the person's absence would be adequate; and
>
>   (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"Rule 19 is not to be applied as a procedural formula." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks omitted) (internal citation omitted). Instead, the "[d]ecisions must be made pragmatically, in the context of the substance of

5

each case, and courts must take into account the possible prejudice to all parties, including those not before it." *Id.* (internal quotation marks omitted) (internal citation omitted).

In general, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois, Inc.*, 186 F.3d at 441.

### B.     Discussion and Analysis

#### 1.     Whether the SCRS and PEBA are necessary parties

Defendants contend the SCRS and PEBA are necessary parties because they have an interest in the issues presented in Luce's claims and because Defendants would be subject to the risk of inconsistent obligations absent their joinder. Luce insists PEBA and the SCRS's interests will be unimpaired by this action, and Defendants face no risk of inconsistent obligations.

South Carolina law tasks PEBA with administering the SCRS. S.C. Code Ann. § 9-1-210. If the Court were to adopt Luce's interpretation of the Retirement Act, it might reduce the contributions paid to the SCRS. True, fewer contributions would result in lower payouts. But, it would also result in a smaller reserve of money for investment, payments, etc. Thus, PEBA and the SCRS have an interest in the interpretation of the Retirement Act to the extent it could affect the retirement system.

Luce maintains PEBA has shown its disinterest in the issue by telling Luce it was unable to help him when he raised concerns. This argument fails. PEBA's practice of refraining from second-guessing employer certifications fails to change the fact that the law gives them the ability to do so. *See id.* ("The general administration and responsibility for the proper operation of the system and for making effective the provisions hereof are hereby vested in the [PEBA] board").

The Court therefore determines the SCRS and PEBA likely have an interest this litigation may impede.

Moreover, absent the SCRS and PEBA's joinder in this case, Defendants may be subject to double or inconsistent obligations.

As part of the causes of action for money damages, Luce and the putative class seek to recover the portion of their pay they believe Defendants unlawfully withheld.  But, Defendants have already paid that money to the SCRS through PEBA.  Absent the ability to recover the funds from SCRS and PEBA, Defendants would have to pay twice.  Defendants maintain that it may be prevented from such recovery by the SCRS and PEBA's sovereign immunity.

Similarly, as to Luce's causes of action for declaratory and injunctive relief, the SCRS and PEBA may ultimately interpret the Retirement Act differently from the Court.  For example, absent joinder, although the Court might enjoin Defendants from contributing to the Retirement System from incentive pay, the SCRS and PEBA may require they still do so.

Although Luce alleges the SCRS and PEBA allow employers to self-determine whether certain hours are eligible, as stated above, they certainly can evaluate those self-determinations and thus place Defendants in the untenable position of facing consequences either from this Court or from SCRS and PEBA.

Therefore, though it is not a certainty that the SCRS's and PEBA's absence would result in inconsistent obligations for Defendants, the Court determines the risk is more than a theoretical possibility, and, in fact, "substantial[.]" Fed. R. Civ. P. 19(a)(1)(B)(ii); *cf. Coastal Modular Corp. v. Laminators, Inc.*, 635 F.2d 1102, 1108 (4th Cir. 1980) (affirming trial court's denial of joinder of the Navy as a party under Rule 19(a) where the defendant "could only theorize the possibility

that the Navy would institute suit against it"). The Court thus holds the SCRS and PEBA are necessary parties.

### 2. *Whether it is feasible to join the SCRS and PEBA to this action*

Defendants maintain it is infeasible to join the SCRS and PEBA because they enjoy Eleventh Amendment sovereign immunity, they are not Luce's employers under the SCWPA, and the SCRS Claims Procedure Act (CPA), S.C. Code Ann. § 9-21-30 is Luce's exclusive remedy against them.

Luce posits that because Eleventh Amendment immunity is an as-yet unasserted affirmative defense, it is feasible to join the SCRS and PEBA to this action. Additionally, Luce avers the SCRS and PEBA may be unentitled to Eleventh Amendment immunity. He fails to address Defendants' other arguments.

The few courts to have addressed the issue have determined it is infeasible to join an entity that is protected by sovereign immunity. *See, e.g.*, *Thomas v. FAG Bearings Corp.*, 50 F.3d 502, 506 (8th Cir. 1995) (denying joinder and holding that coercive joinder of a state entity "undermines the two aims of the Eleventh Amendment: protection for a state's autonomy and protection for its pocketbook[,]" but also reasoning that such joinder would constitute unilateral waiver of immunity); *Downing v. Globe Direct LLC*, 806 F. Supp. 2d 461, 467 (D. Mass. 2011), *aff'd*, 682 F.3d 18 (1st Cir. 2012) ("Joinder of Massachusetts is not feasible here because the Commonwealth enjoys sovereign immunity."); *Friends of DeReef Park v. Nat'l Park Serv.*, No. 2:13-cv-03453-DCN, 2015 WL 12807800, at *8 (D.S.C. May 27, 2015) (same).

Nevertheless, the Court is of the firm opinion that it should afford SCRS and PEBA the opportunity to participate in this case and represent their interests, described above, if they so choose.

This case differs from the usual instance of infeasibility, namely, that joinder would destroy jurisdiction. *See, e.g.*, Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment (stating that the infeasibility to join a party "may be encountered in Federal courts because of limitations on service of process, subject matter jurisdiction, and venue"); *Owens-Illinois, Inc.*, 186 F.3d at 441 (reasoning courts must proceed to the inquiry of whether a party is indispensable "[w]hen a party cannot be joined because its joinder destroys diversity").

Instead, as discussed above, Eleventh Amendment immunity fails to automatically divest the Court of jurisdiction. *Constantine*, 411 F.3d at 481. Although it may be unlikely, a party can waive such immunity. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) ("Because a defendant otherwise protected by the Eleventh Amendment can waive its protection, it is, as a practical matter, structurally necessary to require the defendant to assert the immunity. We therefore conclude that sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating.").

Similarly, Defendants' other arguments—that SCRS and PEBA are not Luce's employers under the SCWPA and that the CPA is Luce's exclusive remedy against those entities—if meritorious, would fail to divest the Court of jurisdiction as a threshold matter.

Therefore, it appears feasible to join the SCRS and PEBA. The Court will thus order them so joined. If the SCRS and/or PEBA successfully assert sovereign immunity, or secure dismissal for another reason, the Court will then consider whether the case should be dismissed because they are indispensable parties to this action.

Accordingly, the Court will dismiss without prejudice Defendants' motions to dismiss for failure to join necessary and indispensable parties to allow the SCRS and PEBA to join this case.

It determines the arguments presented in Defendants' motion for failure to state a claim are premature and will thus also dismiss it without prejudice.

## V. CONCLUSION

For the reasons stated above, it is the judgment of the Court Defendants' motion to dismiss for lack of subject-matter jurisdiction, for failure to join necessary and indispensable parties, and for failure to state a claim are **DISMISSED WITHOUT PREJUDICE**.

The parties shall, within <u>three weeks</u> from the date of this order, file the appropriate pleadings to join SCRS and PEBA to this action. Within that same period, the parties shall also serve SCRS and PEBA in accordance with the applicable rules.

This case shall remain **STAYED** pending further order of this Court.

 **IT IS SO ORDERED.**

Signed this 25th day of July 2023, in Columbia, South Carolina.

                                        s/ Mary Geiger Lewis
                                        MARY GEIGER LEWIS
                                        UNITED STATES DISTRICT JUDGE