

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| WILLIAM M. LUCE, *on behalf of himself and all similarly situated natural persons*,<br>    Plaintiff,<br><br>vs.<br><br>LEXINGTON COUNTY HEALTH SERVICES DISTRICT, INC.; BRIAN D. SMITH, *in both his official and individual capacity*; LYNN COGGINS, *in both her official and individual Capacity*; and PEGGY G. BOYKIN, *in her Official capacity for the South Carolina Public Employee Benefit Authority and South Carolina Retirement System*,<br>    Defendants. | Civil Action No. 3:22-03898-MGL |

**MEMORANDUM OPINION AND ORDER
GRANTING BOYKIN'S MOTION TO DISMISS
AND DENYING LCHSD DEFENDANTS' MOTION TO DISMISS**

## I.   INTRODUCTION

Plaintiff William M. Luce (Luce) filed an amended complaint against Defendants Lexington County Health Services District, Inc. (LCHSD), Brian D. Smith (Smith), Lynn Coggins (Coggins) (collectively, LCHSD Defendants), and Peggy G. Boykin (Boykin) (collectively, Defendants). He asserts the Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1367.

Luce brings four causes of action on behalf of himself and a putative class, including claims for declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, as well as

for injunctive relief, against all Defendants, and a claim under 42 U.S.C. § 1983, as well as a claim for relief under the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10, *et seq.*, against LCHSD Defendants only.

Pending before the Court are Boykin's motion to dismiss for failure to state a claim and LCHSD Defendants' motion to dismiss for failure to join necessary and indispensable parties.

Having carefully considered the motions, the responses, the replies, the record, and the applicable law, it is the judgment of the Court Boykin's motion will be granted and LCHSD Defendants' motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

This case arises out of Luce's allegations that LCHSD Defendants have an unlawful policy of withholding and diverting certain wages to the South Carolina Public Employee Benefits Authority (PEBA) for use by the South Carolina Retirement System (SCRS). Boykin is PEBA's executive director.

The SCRS is a pension plan that promises a fixed benefit at retirement based on an employee's contributions from "earnable compensation[.]" S.C. Code Ann. § 9-1-10(8) (defining "earnable compensation"); *see generally id.* § 9-1-10, *et seq.* (the Retirement Act). PEBA, into which the SCRS was incorporated in 2012, administers the fund.

Luce, an LCHSD employee, alleges he has regularly agreed to work weekends, holidays, night shifts, twenty-four-hour shifts, call, and other "undesirable" work because LCHSD offered him incentive pay to do so. Amended Complaint ¶ 23. He claims LCHSD has withheld portions of that incentive pay—which he contends failed to constitute earnable compensation—to divert to PEBA for use by the SCRS.

Luce claims he has attempted to address the issue with PEBA—specifically with a customer service representative. He says the customer service representative stated it is merely following the reporting from LCHSD. And, Luce alleges, when LCHSD Defendants reached out to PEBA following Luce's complaint, an employee, George Hazin (Hazin), reminded LCHSD Defendants that LCHSD should refrain from diverting any amounts from an employee's voluntary overtime.

Luce alleges Coggins, LCHSD's accounting manager, took the position that "all overtime is considered mandatory at [LCHSD] so that is how we report it[.]" Amended Complaint ¶ 32. Luce contends that, when his concerns reached Smith, LCHSD's vice president of human resources, Smith told him it would be problematic to resolve the issue because many LCHSD employees are affected by it.

After Luce filed this suit, Defendants moved to dismiss for failure to join SCRS and PEBA. The Court determined SCRS and PEBA are likely necessary parties and ordered them joined. Luce filed an amended complaint naming Boykin in her official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

After Defendants filed their respective motions to dismiss the amended complaint, Luce responded to each, and Defendants replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.  BOYKIN'S MOTION TO DISMISS

#### A.  *Standard of Review*

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss for failure to state a claim, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). But, the Court need not "accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards*, 178 F.3d at 243.

#### B.  *Discussion and Analysis*

Boykin argues the Court should dismiss Luce's claims against her because she is entitled to Eleventh Amendment immunity. Luce maintains Boykin is subject to suit under the *Ex parte Young* exception to sovereign immunity. As per that exception, Eleventh Amendment immunity fails to extend to cases where the law a state official sought to enforce is itself unconstitutional. *Ex parte Young*, 209 U.S. 123, 159–60 (1908).

The Eleventh Amendment provides States immunity from lawsuits in federal court seeking money damages. U.S. Const. amend XI. That immunity has been extended to "governmental

4

entities that are considered arms of the State." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) (internal quotation marks omitted).

Boykin is an employee of SCRS and PEBA. The Fourth Circuit has previously held SCRS and PEBA are arms of the state and thus entitled to Eleventh Amendment immunity. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 544 (4th Cir. 2014) ("[W]e conclude that South Carolina remains functionally liable for any judgment against the [SCRS] and [PEBA], which is sufficient to make [them] arms of the State.").

Further, although a State may waive Eleventh Amendment immunity, *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002), South Carolina has explicitly denied waiving its immunity, S.C. Code Ann. § 15-78-20(e) (providing "[n]othing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States."). Additionally, by bringing this motion, Boykin explicitly invoked Eleventh Amendment immunity as a bar to Luce's lawsuit.

Therefore, Boykin is immune from any cause of action seeking money damages.

Moreover, in *Hutto*, retired South Carolina employees challenged the constitutionality of the Retirement Act. *Hutto*, 773 F.3d at 540. The Fourth Circuit reasoned that because SCRS and PEBA "ha[s] no connection with the enforcement of" the Retirement Act, "the *Ex parte Young* exception does not apply and that the state officials are thus entitled to Eleventh Amendment immunity on the claims seeking prospective injunctive relief." *Id.* at 551. Instead, it appears enforcement of the Retirement Act occurs through the criminal system. *Id.* at 550–51 ("any person who fails to remit withheld contributions to the Retirement System is 'guilty of a misdemeanor

and must be punished by fine or imprisonment, or both.'" (quoting the Retirement Act § 9–11–210(7)). The same reasoning applies in this case.

Luce attempts to differentiate his claims from those in *Hutto* by stating his claims against Boykin are "limited to the extent that she requires [LCHSD] to continue its violation of the federal rights of the Putative Class as described in the Amended Complaint." Response to Boykin Motion at 6. But this is a distinction without a difference. Any judgment in Luce's favor would impact the state's treasury. *See Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (explaining "the most important consideration [for determining Eleventh Amendment Immunity] is whether the state treasury will be called upon to pay a judgment that might be awarded.").

Accordingly, the Court determines Boykin is entitled to Eleventh Amendment immunity and will thus grant her motion and dismiss her without prejudice from this case. The Court need not address Boykin's other arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

### IV.  MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSIBLE PARTIES

#### A.  *Standard of Review*

As explained in the Court's prior order, a party may move to dismiss a complaint based on its "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Such a motion requires a two-step inquiry, for which the movant bears the burden. *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005).

First, the Court must determine "whether a party is necessary to a proceeding because of its relationship to the matter under consideration pursuant to Rule 19(a)." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999) (quoting *Teamsters Local Union No. 171 v. Keal Driveway Co.*, 173 F.3d 915, 917–18 (4th Cir. 1999)).  Rule 19(a) explains a party is necessary when:

> (A) in that person's absence, the [C]ourt cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  If the absent party is necessary, the Court will order it into the action, if feasible.  *Id.* at (a)(2).

If joinder is infeasible, however, the Court must turn to the second step of the inquiry to determine "whether the proceeding can continue in its absence, or whether it is indispensable pursuant to Rule 19(b) and the action must be dismissed." *Owens-Illinois, Inc.*, 186 F.3d at 440.

Under Rule 19(b), "the [C]ourt must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," considering

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;

7

>  (3) whether a judgment rendered in the person's absence would be adequate; and
>
>  (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"Rule 19 is not to be applied as a procedural formula." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (internal quotation marks omitted) (internal citation omitted). Instead, the "[d]ecisions must be made pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." *Id.* (internal quotation marks omitted) (internal citation omitted).

In general, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." *Owens-Illinois, Inc.*, 186 F.3d at 441.

### B. Discussion and Analysis

The Court previously held SCRS and PEBA are necessary parties to this action. At that time, however, it lacked the benefit of those entities' perspective on the issue. In Boykin's briefing, she maintains Luce's "dispute is with [LCHSD Defendants]. It is not with [her.]" Boykin Reply at 2. She maintains

> [t]he Code of Laws of South Carolina nowhere gives [SCRS], the Trust, or the trustees and administrators of [SCRS] the authority to deduct or refuse to deduct funds from participating employees' paychecks or to prosecute employers who violate their duties. Instead, the role of the state officials named in the complaint is merely to wait passively for the funds to be transmitted to [SCRS] and, once the funds have arrived, to manage and invest them. As such, the complaint seeks to enjoin [SCRS's] trustees and administrators from participating in a process in which they actually have no role.

Boykin Motion at 7 (quoting *Hutto*, 773 F.3d at 551).

Boykin's disavowal of SCRS and PEBA's interest in this matter could change the Court's determination SCRS and PEBA are necessary parties. But, the Court need not revisit its ruling, because, as it will explain below, Boykin, in her official capacity as to her position with SCRS and PEBA, is a dispensable party to this action.

> 1. *Whether and the extent to which a judgment rendered in Boykin's absence might prejudice SCRS and PEBA or LCHSD Defendants, and whether such prejudice may be avoided*

The first two Under Rule 19(b) factors concern prejudice to the absent and the existing parties to a lawsuit. By disclaiming any interest in this matter, Boykin has disavowed any prejudice to SCRA and PEBA. The Court will thus focus in this section on potential prejudice to LCHSD Defendants.

LCHSD Defendants contend a judgment rendered in Boykin's absence may subject them to double obligations. In other words, Luce and the putative class seek to recover the portion of their pay they believe LCHSD Defendants unlawfully withheld. But, LCHSD Defendants have already paid that money to the SCRS through PEBA. Absent the ability to recover the funds from SCRS and PEBA, LCHSD Defendants would have to pay twice: once to SCRS and once as a refund to Luce and the putative class members. LCHSD Defendants maintain it may be prevented from such recovery by the SCRS and PEBA's sovereign immunity.

Luce maintains LCHSD Defendants' failure to plead any claims against Boykin belies their prejudice argument.

But, Luce points out PEBA has set forth a procedure to allow employers to recover excess funds paid in error. *See* PEBA's Covered Employer Procedure Manual at 35 ("If excess funds are due to the employer from PEBA, PEBA will issue a credit invoice to the employer when the report is reconciled."). They could also file suit in state court.

9

The Court agrees with Luce that, given SCRS and PEBA's practice of relying on employer representations for contributions, it is likely LCHSD Defendants would be able to recover any wrongfully remitted wages. Moreover, it notes that, even before Boykin asserted Eleventh Amendment immunity, LCHSD Defendants filed an answer that failed to plead any claims against Boykin, undermining their arguments of her importance to this case.

Overall, although prejudice to LCHSD Defendants is possible, the Court determines the risk and extent is limited. The first two factors, the extent of prejudice and the ability to mitigate prejudice, therefore, weigh in Luce's favor.

### 2. *Whether a judgment rendered in Boykin's absence would be adequate*

As per Rule 19(b)(3), the Court must consider "whether a judgment rendered in the person's absence would be adequate[.]" LCHSD Defendants aver a judgment rendered in Boykin's absence would inadequately protect the public interest in settling the dispute as a whole. Luce disagrees.

As discussed above, it is unlikely a decision against LCHSD Defendants in this case would fail to dispose of the dispute as a whole inasmuch as LCHSD Defendants would likely be able to recover any wrongfully remitted wages. Accordingly, this factor also weighs in Luce's favor.

### 3. *Whether Luce would have an adequate remedy if the Court dismissed the action*

LCHSD Defendants maintain Luce and the putative class members have an adequate alternative remedy under the Claims Procedure Act (CPA), S.C. Code Ann. § 9-21-30. Luce contends he lacks an adequate remedy, because his dispute is with LCHSD Defendants rather than Boykin, SCRS, or PEBA.

Even if Luce could bring his dispute under the CPA, that mechanism fails to provide for class relief, reducing the efficiency of such an option. But, Luce could also bring a state court action. Therefore, this factor weighs slightly against Luce.

In sum, weighing each of the above factors, the Court determines, "in equity and good conscience," Fed R. Civ. P. 19(b), this action should proceed with the remaining parties. The Court thus holds Boykin, in her official capacity with SCRS and PEBA, is a dispensable party, and will refrain from dismissing LCHSD Defendants from this case.

## V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Boykin's motion to dismiss is **GRANTED** and LCHSD Defendants' motion to dismiss is **DENIED**. Boykin is **DISMISSED WITHOUT PREJUDICE** from this matter.

The remaining parties shall submit a proposed amended scheduling order **no later than one week** from the date of this order.

 IT IS SO ORDERED.

Signed this 20th day of December 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
